UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LINDELL BROWN,

      Petitioner,

                              CASE NO.  2:08-CV-11419

v.                            JUDGE STEPHEN J. MURPHY, III

                              MAGISTRATE JUDGE PAUL J. KOMIVES

JERI-ANN SHERRY,

      Respondent.

_____/


MEMORANDUM ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY
HEARING AND FOR LEAVE TO CONDUCT DISCOVER HEARING (docket #12) AND
DENYING PETITIONER'S REQUEST FOR LEAVE/AUTHORIZATION TO CONDUCT
DISCOVERY (docket #13)

Petitioner, through counsel, filed a petition for the writ of habeas corpus in this Court on April 2, 2008, challenging his state court conviction for possession with intent to distribute cocaine. Petitioner's application raises a single claim for relief, specifically, that his conviction was the product of an unconstitutional search in violation of the Fourth Amemdment.  On this date, the undersigned has filed a Report recommending that petitioner's claim be denied because it is not cognizable on habeas review under the rule of *Stone v. Powell*, 428 U.S. 465 (1976).  Also pending before the Court are two motions filed by petitioner: (1) a motion for an evidentiary hearing and for leave to conduct limited discovery (docket #12); and (2) a request for leave or authorization to conduct discovery.  In this motions, petitioner seeks through an evidentiary hearing or discovery to develop information relating to the searching officer's relationship with another officer, not involved in the search, who subsequently stole the drugs seized in this case, the officer's training, Internal Affairs investigations relating to the officer, and other searches conducted by the officer.  For the

1

reasons that follow, petitioner's motions will be denied.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).  In deciding whether an evidentiary hearing is necessary under  Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).

Similarly, "[a] habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery.  Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  In order to establish "good cause" for

discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Here, the information sought by petitioner does not have the potential to advance his claims. As explained in the Report filed on this date, petitioner's claim is not cognizable on habeas review, and nothing in the matters raised by petitioner would alter this result. As further explained in the Report, even if petitioner's Fourth Amendment claim were cognizable, none of the information which petitioner seeks to develop is relevant to the question of whether the facts known to the searching officer, viewed objectively, provided probable cause for the search.

Accordingly, it is ORDERED that petitioner's motion for evidentiary hearing and for leave to conduct discovery and petitioner's request for leave/authorization to conduct discovery are both hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2009

```
The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record    by
electronic means or U.S. Mail on July 21, 2009.

                         s/Eddrey Butts
                         Case Manager
```

3