UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDELL BROWN,

    Petitioner,                                      Case No. 08-cv-11419

v.                                                   HONORABLE STEPHEN J. MURPHY, III

JERI-ANN SHERRY,

    Respondent.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT
AND RECOMMENDATION** (docket no. 16)**, OVERRULING
OBJECTIONS TO REPORT AND RECOMMENDATION AND OBJECTIONS TO
MEMORANDUM ORDER DENYING MOTIONS FOR EVIDENTIARY HEARING AND
FOR LEAVE TO CONDUCT DISCOVERY** (docket no. 17)**, AND DENYING PETITION**

      In this habeas action, Petitioner Lindell Brown, through counsel, challenges his conviction in state court, pursuant to a guilty plea, of one count of possession with intent to deliver over 1000 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(I). The plea agreement reserved to Brown his right to appeal the state trial court's pretrial decision denying his motion to suppress evidence. Brown was sentenced to a prison term of 9½ -20 years. After the Michigan Court of Appeals affirmed his conviction and the Michigan Supreme Court denied to leave to appeal, Brown filed the instant habeas petition. The sole issue raised in the petition is the constitutionality of the search and seizure that resulted in the recovery of the drugs forming the basis for his conviction.

      The matter was referred to Magistrate Judge Paul J. Komives and returns on his report and recommendation. Judge Komives recommends that the Court deny the petition. Brown has filed objections to the report. Judge Komives also denied Brown's motion for an evidentiary hearing and motion for leave to conduct limited discovery. Brown objects to this order as well.

# DISCUSSION

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.* A district judge reviews a magistrate judge's decision on a non-dispositive motion for clear error. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Brown, through counsel, filed timely objections to both Judge Komives's report and recommendation, and his order denying Brown's motions for an evidentiary hearing and to conduct discovery. Although the objections to the report are essentially a pared-down version of the arguments presented in the petition, and do not attack specific portions of the report argued to be in error, the Court finds them sufficient to trigger de novo review.

2

Accordingly, the Court has conducted a de novo review of the entire record, including the relevant Rule 5 materials, the petition, response to the petition, and objections to the report. The Court finds that Judge Komives correctly concluded that Brown's Fourth Amendment claim is not cognizable on habeas review because Brown was afforded a full and fair opportunity to litigate the constitutionality of the search of his car in the state courts. *See Stone v. Powell*, 428 U.S. 465, 482 (1976). As Judge Komives rightly notes, Brown primarily challenges the correctness of the state courts' decisions, an challenge insufficient to warrant habeas relief in federal court, even if the decisions were wrong. There were no "egregious errors" by the state courts that lead to the Court to conclude that the state courts sufficiently frustrated Brown's efforts to litigate his search and seizure claim. *See, e.g., Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) ("When a petitioner alleges *egregious error* in the application of fourth amendment principles, of a magnitude and nature similar to the state court error present in *Gamble* [*v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978)], however, a federal habeas court might be justified in concluding that an opportunity for a full and fair hearing had not been afforded the petitioner.") (emphasis added). The report and recommendation is well-reasoned, thorough, and correct. The Court adopts the analysis therein as its own.

With respect to Judge Komives's order denying Brown's request for an evidentiary hearing and for leave to conduct limited discovery, the Court finds that decision is not clearly erroneous or contrary to law. Judge Komives rightly concluded that Brown was entitled to neither a hearing nor discovery because the information he sought lacked the potential to advance his claims. Without a cognizable claim in the first place, the information he sought could not create a right to relief. And even if his Fourth Amendment claim were cognizable, the information he sought -- information regarding the relationship

3

between one of the arresting officers and another officer who was later indicted for theft of the evidence in this case -- is not relevant to the determinative question of whether there was probable cause to search Brown's rental car at the time it was searched.

Finally, the Court declines to issue a certificate of appealability on any issue in this case. A petitioner must obtain a certificate of appealability in order to appeal the district court's denial of a habeas petition for relief from a state conviction. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).[1] A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this threshold, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Specifically, he must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). The Court does not find its decision, as more fully explicated in Judge Komives's report and recommendation, to be debatable among reasonable jurists. Petitioner may request a certificate of appealability from the court of appeals if he wishes. *See* 28 U.S.C. § 2253(c)(1)(A).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 16) is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Petitioner's objections (docket nos. 18 & 19) are **OVERRULED.**

---

[1] As of December 1, 2009, the Rules Governing Section 2254 Cases require a district court to issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

4

**IT IS FURTHER ORDERED** that Petitioner's objection to Judge Komives's memorandum order denying Petitioner's motions for an evidentiary hearing and for leave to conduct discovery (docket no. 17) is **OVERRULED**.

**IT IS FURTHER ORDERED** the petition for a writ of habeas corpus is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

                                                  s/Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: October 14, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2010, by electronic and/or ordinary mail.

                                                  Alissa Greer
                                                  Case Manager